**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOHN TAYLOR, | |
| **Plaintiff,** | |
| **v.** | CASE NO. |
| CHICAGO TRANSIT AUTHORITY, a municipal corporation, | **TRIAL BY JURY DEMANDED** |
| **Defendant.** | |

**VERIFIED COMPLAINT AT LAW**

The Plaintiff, JOHN TAYLOR ("TAYLOR"), by and through his attorneys, PFEIFFER LAW OFFICES, P.C., complains of the Defendant, CHICAGO TRANSIT AUTHORITY, a municipal corporation ("CTA"), as follows:

**Jurisdiction and Venue**

1. The actions set forth in this *Verified Complaint at Law* arise under 42 U.S.C. §1983, 42 U.S.C. §2000e *et seq.*, 775 ILCS 5/2-102, and Illinois common law.

2. During all times relevant to this *Verified Complaint at Law*, TAYLOR was and is a resident of and domiciled in Chicago, Cook County, Illinois.

3. During all times relevant to this *Verified Complaint at Law*, CTA was and is a municipal corporation organized under the laws of the State of Illinois with its principal place of business in Chicago, Cook County, Illinois.

1

**EXHIBIT 1**

**Factual Background**

4.     TAYLOR became an employee of CTA on September 22, 2008, when he was hired to be a bus operator.

5.     On January 6, 2009, TAYLOR was working as a bus operator for CTA when he was injured by a coworker driving over his right foot.

6.     From January 26, 2009, to May 5, 2009, TAYLOR remained off of work in order to obtain medical treatment for his foot injury.

7.     In May of 2009, TAYLOR returned to work but was unable to continue working as a bus operator by January of 2010 due to reoccurring issues with his right foot relating to the January, 2009 injury.

8.     Subsequent to his injury in January of 2009, TAYLOR filed a workers' compensation claim that eventually was submitted to arbitration.

9.     On September 18, 2012, TAYLOR's workers' compensation claim was arbitrated.

10.     In October of 2012, TAYLOR received notice from CTA that his temporary medical disability benefits were expired and that he would have to return to work by December 31, 2012, or else retire, resign, or take his pension.

11.     On November 19, 2012, the arbitrator rendered a decision regarding TAYLOR's workers' compensation claim.  The arbitrator awarded TAYLOR 152 weeks of temporary total disability benefits and future medical care.

12.     On December 31, 2012, CTA discharged TAYLOR allegedly for a failure to return to work.  A true and accurate copy of the letter TAYLOR received informing him of his discharge is attached hereto and incorporated herein by reference as **Exhibit 1**.

2

13.    Immediately after learning of his discharge, TAYLOR filed a grievance with his union.  This grievance was denied on February 1, 2013.

14.    TAYLOR also filed a complaint with the Illinois Department of Human Rights ("IDHR") in January of 2013 regarding CTA's unlawful treatment of him with respect to his employment.

15.    Throughout this entire time, TAYLOR was still receiving treatment for his foot injury, including a spinal simulator implantation on February 6, 2013, to manage his pain.

16.    On April 23, 2013, TAYLOR was cleared for work and began requesting his job back.

17.    In September of 2013, a representative of CTA, while participating in a conference with IDHR, offered TAYLOR his job back in exchange for TAYLOR withdrawing his charges filed with IDHR.

18.    TAYLOR did withdraw his charges with IDHR in reliance on the aforesaid representations of CTA's representative, but he did not reduce those representations and his agreement with CTA to a formal written document.

19.    TAYLOR subsequently telephoned that CTA representative after the IDHR conference to get CTA to hold up its end of the deal, only to be told by that very same representative that no such conversation took place.

20.    On December 26, 2013, despite medical personnel having cleared him for a return to work, TAYLOR was rejected in writing for reemployment by CTA.  A true and accurate copy of such rejection notice is attached hereto and incorporated herein by reference as **Exhibit 2**.

21.    TAYLOR continued to apply for reemployment with CTA and, at one point, was told to come back in February of 2014 to seek his reemployment.

22.     On January 20, 2014, TAYLOR was again sent a rejection letter by CTA.  A true and accurate copy of said rejection letter is attached hereto and incorporated herein by reference as **Exhibit 3**.

23.     In February of 2014, TAYLOR began calling the CTA seeking his reemployment as he specifically was directed to do.  In each instance, he either was rejected or ignored.

24.     On March 26, 2014, TAYLOR filed a charge with the Illinois Labor Relations Board seeking his job back.  Said charge did not resolve TAYLOR'S reemployment issues with CTA.


## Count I – Retaliatory Discharge

25.     TAYLOR restates and incorporates herein by reference Paragraphs 1 through 24 above as and for Paragraph 25 of Count I of this *Verified Complaint at Law* as if such allegations were fully set forth herein.

26.     TAYLOR was an employee of CTA before his injury, at the time of his injury, and during the pendency of his workers' compensation claim.

27.     TAYLOR was injured while he was working and filed a workers' compensation claim to cover the costs associated with the severe injury to his right foot that he received through no fault of his own but through the fault and negligence of a coworker.

28.     During the pendency of his workers' compensation claim, TAYLOR was discharged from his employment with CTA.

29.     After being cleared for work, CTA refused and continually refused – even to this day – to reinstate TAYLOR'S employment.

30.     TAYLOR is and has been fully ready, willing, and able to return to work immediately.

31.     CTA retaliated against TAYLOR for filing his workers' compensation claim by discharging him from employment.

32.     CTA's stated reasons for discharging TAYLOR are pretexts and improper because they were based solely on independent medical examiner opinions ordered by CTA and disputed by TAYLOR's physicians and evidence supporting his ability to return to work for CTA.

33.     CTA committed its unlawful discharge of TAYLOR with malice or with reckless indifference to his protected rights under Illinois law.

34.     As a direct and proximate result of CTA's conduct, TAYLOR has suffered loss of employment, loss of income and other employment benefits, great expenses, emotional distress, humiliation, embarrassment, and future lost income and benefits, all since the wrongful termination of his employment in December of 2012.

**WHEREFORE**, TAYLOR respectfully requests that this Honorable Court:

A.      Enter a finding that CTA's termination of TAYLOR's employment constituted retaliatory discharge;

B.      Award TAYLOR all of his lost wages and lost benefits resulting from CTA's unlawful conduct;

C.      Order CTA to reinstate TAYLOR to his employment status under the same terms and conditions that existed prior to his termination on or about December 31, 2012; or in the alternative, awarding future benefits (front pay) and all other equitable relief in lieu of reinstatement;

D.      Award TAYLOR interest on the amount of lost wages and lost benefits resulting from CTA's unlawful conduct;

E.      Award TAYLOR compensatory or punitive damages in an appropriate amount to be determined at trial based on CTA's unlawful conduct;

F.      Award TAYLOR his costs of suit, other litigation costs, and attorneys' fees incurred in this matter to the extent permitted by law; and

G.    Provide TAYLOR with such other and further relief as this Honorable Court deems appropriate and just.

## Count II – Violation of 775 ILCS 5/2-102
### (Retaliation – Failure/Refusal to Rehire)

35.    TAYLOR restates and incorporates herein by reference Paragraphs 25 through 34 above as and for Paragraph 35 of Count II of this *Verified Complaint at Law* as if such allegations were fully set forth herein.

36.    Since the date that TAYLOR was cleared by medical personnel to return to work for CTA, CTA has continued to ignore or outright reject TAYLOR's requests for reinstatement to his prior position.

37.    Upon information and belief, since the date that TAYLOR was cleared by medical personnel to return to work for CTA, other persons have applied for positions similar to TAYLOR's prior position within CTA and have been hired by CTA for those positions while TAYLOR continues to be ignored or rejected for reemployment.

38.    No lawful basis exists for CTA's failure and refusal to rehire TAYLOR.

39.    CTA continues to retaliate against TAYLOR for filing his workers' compensation claim by failing and refusing to reemploy him.

40.    CTA has committed its unlawful failure and refusal to rehire TAYLOR with malice or with reckless indifference to his protected rights under Illinois law.

41.    As a direct and proximate result of CTA's conduct, TAYLOR has suffered loss of employment, loss of income and other employment benefits, great expenses, emotional distress, humiliation, embarrassment, and future lost income and benefits, all based on CTA's continued failure and refusal to rehire TAYLOR.

**WHEREFORE**, TAYLOR respectfully requests that this Honorable Court:

A.    Enter a finding that CTA's failure and refusal to reemploy TAYLOR constitutes retaliation;

B.    Award TAYLOR all of his lost wages and lost benefits resulting from CTA's unlawful conduct;

C.    Order CTA to reinstate TAYLOR to his employment status under the same terms and conditions that existed prior to his termination on or about December 31, 2012; or in the alternative, awarding future benefits (front pay) and all other equitable relief in lieu of reinstatement;

D.    Award TAYLOR interest on the amount of lost wages and lost benefits resulting from CTA's unlawful conduct;

E.    Award TAYLOR compensatory or punitive damages in an appropriate amount to be determined at trial based on CTA's unlawful conduct;

F.    Award TAYLOR his costs of suit, other litigation costs, and attorneys' fees incurred in this matter to the extent permitted by law; and

G.    Provide TAYLOR with such other and further relief as this Honorable Court deems appropriate and just.

## Count III – Violation of 775 ILCS 5/2-102
### (Gender Discrimination – Failure/Refusal to Rehire)

42.    TAYLOR restates and incorporates herein by reference Paragraphs 25 through 41 above as and for Paragraph 42 of Count III of this *Verified Complaint at Law* as if such allegations were fully set forth herein.

43.    Since the date that TAYLOR was cleared by medical personnel to return to work for CTA, female applicants have applied for positions similar to TAYLOR's prior position within CTA.

44.     Since the date that TAYLOR was cleared by medical personnel to return to work for CTA, those female applicants have been hired by CTA for those positions while TAYLOR continues to be ignored or rejected for reemployment.

45.     Upon information and belief, the supervisory or managerial personnel of CTA with decision-making authority on general hiring and rehiring of employees are female.

46.     CTA's failure and refusal to rehire TAYLOR stems from a practice of such hiring personnel favoring female applicants and employees over male applicants and employees.

47.     No lawful basis exists for CTA's failure and refusal to rehire TAYLOR.

48.     CTA has committed its unlawful discrimination against male applicants and employees with malice or with reckless indifference to his protected rights under Illinois law.

49.     As a direct and proximate result of CTA's conduct, TAYLOR has suffered loss of employment, loss of income and other employment benefits, great expenses, emotional distress, humiliation, embarrassment, and future lost income and benefits, all based on CTA's unlawful discrimination against male applicants and employees.

**WHEREFORE**, TAYLOR respectfully requests that this Honorable Court:

A.     Enter a finding that CTA unlawfully discriminated against TAYLOR in its failure and refusal to reemploy him;

B.     Award TAYLOR all of his lost wages and lost benefits resulting from CTA's unlawful conduct;

C.     Order CTA to reinstate TAYLOR to his employment status under the same terms and conditions that existed prior to his termination on or about December 31, 2012; or in the alternative, awarding future benefits (front pay) and all other equitable relief in lieu of reinstatement;

D.     Award TAYLOR interest on the amount of lost wages and lost benefits resulting from CTA's unlawful conduct;

E.    Award TAYLOR compensatory or punitive damages in an appropriate amount to be determined at trial based on CTA's unlawful conduct;

F.    Award TAYLOR his costs of suit, other litigation costs, and attorneys' fees incurred in this matter to the extent permitted by law; and

G.    Provide TAYLOR with such other and further relief as this Honorable Court deems appropriate and just.

**Count IV – Violation of 42 U.S.C. §1983**
**(Gender Discrimination – Failure/Refusal to Rehire)**

50.    TAYLOR restates and incorporates herein by reference Paragraphs 42 through 49 above as and for Paragraph 50 of Count IV of this *Verified Complaint at Law* as if such allegations were fully set forth herein.

51.    42 U.S.C. §1983 provides, in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

52.    TAYLOR was acting under color of state law when he applied for reemployment with CTA.

53.    Based on the foregoing facts, CTA was acting under color of state law when it failed and refused to reemploy TAYLOR based on his gender.

54.    TAYLOR has a constitutionally protected interest in being free from discrimination in his application for employment or reemployment and his employment itself with CTA.

55.    CTA violated TAYLOR's constitutionally protected interest by failing and refusing to reemploy TAYLOR based on his gender.

9

56. CTA knew or should have known that its actions were violating TAYLOR's civil rights and were being carried out in a malicious way.

57. As a direct and proximate result of CTA's conduct, TAYLOR has suffered loss of employment, loss of income and other employment benefits, great expenses, emotional distress, humiliation, embarrassment, and future lost income and benefits, all based on CTA's unlawful discrimination against male applicants and employees.

**WHEREFORE**, TAYLOR respectfully requests that this Honorable Court:

A. Enter a finding that CTA violated TAYLOR's civil rights in its failure and refusal to reemploy him;

B. Award TAYLOR all of his lost wages and lost benefits resulting from CTA's unlawful conduct;

C. Order CTA to reinstate TAYLOR to his employment status under the same terms and conditions that existed prior to his termination on or about December 31, 2012; or in the alternative, awarding future benefits (front pay) and all other equitable relief in lieu of reinstatement;

D. Award TAYLOR interest on the amount of lost wages and lost benefits resulting from CTA's unlawful conduct;

E. Award TAYLOR compensatory or punitive damages in an appropriate amount to be determined at trial based on CTA's unlawful conduct;

F. Award TAYLOR his costs of suit, other litigation costs, and attorneys' fees incurred in this matter to the extent permitted by law; and

G. Provide TAYLOR with such other and further relief as this Honorable Court deems appropriate and just.

## DEMAND FOR JURY TRIAL

TAYLOR hereby makes a demand for trial by jury on all issues herein that are triable to a jury.

Respectfully submitted,

JOHN TAYLOR, *Plaintiff*

By:  ___/s/ J. Matthew Pfeiffer_____
One of His Attorneys

J. Matthew Pfeiffer, Esq.
   IL Atty. No. 6272868
Nicole M. Anderson, Esq.
   IL Atty. No. 6312258
PFEIFFER LAW OFFICES, P.C.
1725 S. Naperville Road
Suite 205
Wheaton, Illinois  60189
Tel:     (630) 517-0808
Fax:    (630) 517-0809

## VERIFICATION

Under penalties as provided by law, the undersigned person certifies and declares that the statements set forth in the foregoing *Verified Complaint at Law* are true, correct, and complete; that such person has not knowingly withheld any pertinent information; and, as to statements made upon information and belief, that such person verily believes the same to be true.

Date: 06-23-2014

JOHN TAYLOR

12



**CHICAGO TRANSIT AUTHORITY**

567 West Lake Street, 3ʳᵈ Floor
Chicago, Illinois 60661-1498
**TEL** 312 681-2238
www.transitchicago.com

January 2, 2013

John Taylor
Badge 50117
7345 South Shore Drive Apt. 2005
Chicago, IL 60649

CERTIFIED MAIL: 7008 1830 0004 0610 3269



**Re: Administratively Separated**

Dear John Taylor,

In accordance with Attachment 'D', Area 605, of the collective bargaining agreement between the Authority and the Union representing you, your authorized time in an inactive status has expired. You did not exercise the alternative options:

1. Occupational Injury Disability Pension,
2. Non-Occupational Disability Pension,
3. Normal Retirement or Early Retirement.
4. Resignation

Therefore, you have been administratively separated (effective: **12/31/12**) from the Chicago Transit Authority. You are required to turn in your CTA Riding Card and any outstanding CTA equipment immediately. Upon receipt of all property, a clearance certificate will be prepared to compensate you for any monies you may have coming. Please turn in your CTA equipment to Benefits Services by **1/15/13**.

Upon your separation and in the event your Health Benefits are being terminated, under federal law, employees and their covered dependents are eligible for continued health care coverage. In accordance with the Consolidated Omnibus Budget Reconciliation Act (COBRA) of 1985, you may continue your health care benefits at your own expense for eighteen months. Wageworks, CTA's current COBRA administrator, will forward a Continuation of Coverage Application to the residence address you have listed with CTA. If you do not receive your Confirmation of Coverage application within 45 days, please contact the CTA Benefits Department at (312) 681-2225. You may contact the COBRA administrator, Wageworks COBRA billing at (877) 430-5519 for additional information.

We regret the necessity of this action and wish you much success in your future endeavors.

Sincerely,

*Larry J. Wall*

Larry Wall
General Manager
Benefit Services

**EXHIBIT 1**



CHICAGO TRANSIT AUTHORITY

13- 0075

567 West Lake Street
Chicago, Illinois 60661-1498
TEL 312 664-7200
www.transitchicago.com

December 26, 2013

John Taylor
P.O. Box 198351
Chicago, IL 60619

Dear John:

We are in receipt of your request for consideration for rehire with the Chicago Transit Authority (CTA). As you are probably aware, the transportation industry is one of the most demanding industries in America today. To meet its obligation to the mass transit riding public, most transit agencies including the Chicago Transit Authority (CTA) have developed uniform procedures for personnel selection that are predictors of job performance and are fair to all applicants, including those who have worked for CTA in the past and request consideration to be rehired. Unfortunately, not all applicants are able to meet the established CTA hiring guidelines.

Your request for consideration for rehire has been reviewed. We regret to inform you that you do not meet the guidelines established by CTA for rehire. However, you are eligible to submit a written request after one year, for reconsideration. Your request will be reviewed at that time.

We appreciate the interest you have shown in being rehired at CTA.

Sincerely,


Recruitment & Staffing
Human Resources


**EXHIBIT 2**

8401 (rev. 09/04)



567 West Lake Street
Chicago, Illinois 60661-1498
TEL 312 664-7200
www.transitchicago.com

January 20, 2014

John Taylor
P.O. Box 198351
Chicago, IL 60619

Dear John:

We are in receipt of your request for consideration for rehire with the Chicago Transit
Authority (CTA). As you are probably aware, the transportation industry is one of the
most demanding industries in America today. To meet its obligation to the mass transit
riding public, most transit agencies including the Chicago Transit Authority (CTA) have
developed uniform procedures for personnel selection that are predictors of job
performance and are fair to all applicants, including those who have worked for CTA in
the past and request consideration to be rehired. Unfortunately, not all applicants are able
to meet the established CTA hiring guidelines.

Your request for consideration for rehire has been reviewed. We regret to inform you
that you do not meet the guidelines established by CTA for rehire. However, you are
eligible to submit a written request after one year, for reconsideration. Your request will
be reviewed at that time.

We appreciate the interest you have shown in being rehired at CTA.

Sincerely,


Recruitment & Staffing
Human Resources


8401 (rev. 09/04)

**EXHIBIT 3**

## UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6,1
### Eastern Division

John Taylor

                                    Plaintiff,

v.                                                    Case No.: 1:14–cv–04915
                                                      Honorable Ruben Castillo

Chicago Transit Authority

                                    Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, August 8, 2014:

      MINUTE entry before the Honorable Ruben Castillo:After careful review of this recently filed complaint, the Court has noticed that no effort has been made to serve this complaint. More importantly, the Court's independent review of this complaint fails to establish federal jurisdiction of plaintiff's state law claims. Therefore, this complaint is dismissed without prejudice to the filing of any proper amended complaint which establishes federal jurisdiction or to the complaint being refiled in state court.Mailed notice(rao, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

**EXHIBIT 2**

ELECTRONICALLY FILED
1/6/2015 10:52 AM
2015-L-063002
CALENDAR: K
PAGE 1 of 12
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | |
|---|---|
| JOHN TAYLOR, | |
| **Plaintiff,** | |
| **v.** | CASE NO. |
| CHICAGO TRANSIT AUTHORITY, a Municipal Corporation, | |
| **Defendant.** | |

**VERIFIED COMPLAINT AT LAW**

The Plaintiff, JOHN TAYLOR (hereinafter referred to as "TAYLOR"), by and through his attorneys, PFEIFFER LAW OFFICES, P.C., complains of the Defendant, CHICAGO TRANSIT AUTHORITY, a municipal corporation ("CTA"), as follows:

**Jurisdiction and Venue**

1.     During all times relevant to this *Verified Complaint at Law*, TAYLOR was and is a resident of Chicago, Cook County, Illinois.

2.     During all times relevant to this *Verified Complaint at Law*, CTA was and is a municipal corporation organized under the laws of the State of Illinois with its principal place of business in Chicago, Cook County, Illinois.

**Factual Background**

3.     TAYLOR became an employee of CTA on September 22, 2008, when he was hired to be a bus operator.

4.     On January 6, 2009, TAYLOR was working as a bus operator for CTA when he was injured by a coworker driving over his right foot.

1

**EXHIBIT 3**

ELECTRONICALLY FILED
1/6/2015 10:52 AM
2015-L-06302
PAGE 2 of 12

5.      From January 26, 2009, to May 5, 2009, TAYLOR remained off of work in order to obtain medical treatment for his foot injury.

6.      In May of 2009, TAYLOR returned to work but was unable to continue working as a bus operator by January of 2010 due to reoccurring issues with his right foot relating to the January, 2009 injury.

7.      Subsequent to his injury in January of 2009, TAYLOR filed a workers' compensation claim that eventually was submitted to arbitration.

8.      On September 18, 2012, TAYLOR's workers' compensation claim was arbitrated.

9.      In October of 2012, TAYLOR received notice from CTA that his temporary medical disability benefits were expired and that he would have to return to work by December 31, 2012, or else retire, resign, or take his pension.

10.     On November 19, 2012, the arbitrator rendered a decision regarding TAYLOR's workers' compensation claim.  The arbitrator awarded TAYLOR 152 weeks of temporary total disability benefits and future medical care.

11.     On December 31, 2012, CTA discharged TAYLOR allegedly for a failure to return to work.  A true and accurate copy of the letter TAYLOR received informing him of his discharge is attached hereto and incorporated herein by reference as **Exhibit 1**.

12.     Immediately after learning of his discharge, TAYLOR filed a grievance with his union.  This grievance was denied on February 1, 2013.

13.     TAYLOR also filed a complaint with the Illinois Department of Human Rights ("IDHR") in January of 2013 regarding CTA's unlawful treatment of him with respect to his employment.

2

ELECTRONICALLY FILED
1/6/2015 10:52 AM
2015-L-06302
PAGE 3 of 12

14. Throughout this entire time, TAYLOR was still receiving treatment for his foot injury, including a spinal simulator implantation on February 6, 2013, to manage his pain.

15. On April 23, 2013, TAYLOR was cleared for work and began requesting his job back.

16. In September of 2013, a representative of CTA, while participating in a conference with IDHR, offered TAYLOR his job back in exchange for TAYLOR withdrawing his charges filed with IDHR.

17. TAYLOR did withdraw his charges with IDHR in reliance on the aforesaid representations of CTA's representative, but he did not reduce those representations and his agreement with CTA to a formal written document.

18. TAYLOR subsequently telephoned that CTA representative after the IDHR conference to get CTA to hold up its end of the deal, only to be told by that very same representative that no such conversation took place.

19. On December 26, 2013, despite medical personnel having cleared him for a return to work, TAYLOR was rejected in writing for reemployment by CTA. A true and accurate copy of such rejection notice is attached hereto and incorporated herein by reference as **Exhibit 2**.

20. TAYLOR continued to apply for reemployment with CTA and, at one point, was told to come back in February of 2014 to seek his reemployment.

21. On January 20, 2014, TAYLOR was again sent a rejection letter by CTA. A true and accurate copy of said rejection letter is attached hereto and incorporated herein by reference as **Exhibit 3**.

22. In February of 2014, TAYLOR began calling the CTA seeking his reemployment as he specifically was directed to do. In each instance, he either was rejected or ignored.

23.     On March 26, 2014, TAYLOR filed a charge with the Illinois Labor Relations Board seeking his job back.  Said charge did not resolve TAYLOR'S reemployment issues with CTA.

24.     On June 30, 2014, TAYLOR filed a lawsuit in the United States District Court for the Northern District of Illinois, Eastern Division, naming CTA as a defendant and alleging causes of action for Retaliatory Discharge, Retaliation, and Gender Discrimination.  On August 8, 2014, the aforesaid court dismissed the lawsuit on its own motion without prejudice to his re-filing the lawsuit in state court because it believed his claims were all based under state law.

### Count I – Violation of 775 ILCS 5/2-102
### (Discrimination – Failure/Refusal to Rehire)

25.     TAYLOR restates and incorporates herein by reference Paragraphs 1 through 24 above as and for Paragraph 24 of Count I of this *Verified Complaint at Law* as if such allegations were fully set forth herein.

26.     Since the date that TAYLOR was cleared by medical personnel to return to work for CTA, female applicants have applied for positions similar to TAYLOR'S prior position within CTA.

27.      Since the date that TAYLOR was cleared by medical personnel to return to work for CTA, those female applicants have been hired by CTA for those positions while TAYLOR continues to be ignored or rejected for reemployment.

28.     Upon information and belief, the supervisory or managerial personnel of CTA with decision-making authority on general hiring and rehiring of employees are female.

29.     CTA's failure and refusal to rehire TAYLOR stems from a practice of such hiring personnel favoring female applicants and employees over male applicants and employees.

30.     No lawful basis exists for CTA's failure and refusal to rehire TAYLOR.

ELECTRONICALLY FILED
1/6/2015 10:52 AM
2015-L-06300
PAGE 4 of 12

31.     CTA has committed its unlawful discrimination against male applicants and employees with malice or with reckless indifference to his protected rights under Illinois law.

32.     As a direct and proximate result of CTA's conduct, TAYLOR has suffered loss of employment, loss of income and other employment benefits, great expenses, emotional distress, humiliation, embarrassment, and future lost income and benefits, all based on CTA's unlawful discrimination against male applicants and employees.

**WHEREFORE**, TAYLOR respectfully requests that this Honorable Court:

A.      Enter a finding that CTA unlawfully discriminated against TAYLOR in its failure and refusal to reemploy him;

B.      Award TAYLOR actual damages in an amount in excess of $50,000.00 which includes, but is not limited to:

      1.      All of his lost wages and lost benefits resulting from CTA's unlawful conduct;

      2.      Interest on the amount of lost wages and lost benefits resulting from CTA's unlawful conduct; and

      3.      Compensatory or punitive damages in an appropriate amount to be determined at trial based on CTA's unlawful conduct;

C.      Order CTA to reinstate TAYLOR to his employment status under the same terms and conditions that existed prior to his termination on or about December 31, 2012; or in the alternative, awarding future benefits (front pay) and all other equitable relief in lieu of reinstatement;

D.      Award TAYLOR his costs of suit, other litigation costs, and attorneys' fees incurred in this matter to the extent permitted by law; and

E.      Provide TAYLOR with such other and further relief as this Honorable Court deems appropriate and just.

ELECTRONICALLY FILED
1/6/2015 10:52 AM
2015-L-06002
PAGE 5 of 12

## Count II – Violation of 42 U.S.C. §1983
### (Discrimination – Failure/Refusal to Rehire)
### <u>(Alternative to Count I)</u>

33.     TAYLOR restates and incorporates herein by reference Paragraphs 25 through 32 above as and for Paragraph 32 of Count II of this *Verified Complaint at Law* as if such allegations were fully set forth herein.

34.     42 U.S.C. §1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

35.     TAYLOR was acting under color of state law when he applied for reemployment with CTA.

36.     Based on the foregoing facts, CTA was acting under color of state law when it failed and refused to reemploy TAYLOR based on his gender.

37.     TAYLOR has a constitutionally protected interest in being free from discrimination in his application for employment or reemployment and his employment itself with CTA.

38.     CTA violated TAYLOR's constitutionally protected interest by failing and refusing to reemploy TAYLOR based on his gender.

39.     CTA knew or should have known that its actions were violating TAYLOR's civil rights and were being carried out in a malicious way.

40.     As a direct and proximate result of CTA's conduct, TAYLOR has suffered loss of employment, loss of income and other employment benefits, great expenses, emotional distress,

humiliation, embarrassment, and future lost income and benefits, all based on CTA's unlawful discrimination against male applicants and employees.

**WHEREFORE**, TAYLOR respectfully requests that this Honorable Court:

A.   Enter a finding that CTA violated TAYLOR's civil rights in its failure and refusal to reemploy him;

B.   Award TAYLOR actual damages in an amount in excess of $50,000.00 which includes, but is not limited to:

    1.   All of his lost wages and lost benefits resulting from CTA's unlawful conduct;

    2.   Interest on the amount of lost wages and lost benefits resulting from CTA's unlawful conduct; and

    3.   Compensatory or punitive damages in an appropriate amount to be determined at trial based on CTA's unlawful conduct;

C.   Order CTA to reinstate TAYLOR to his employment status under the same terms and conditions that existed prior to his termination on or about December 31, 2012; or in the alternative, awarding future benefits (front pay) and all other equitable relief in lieu of reinstatement;

D.   Award TAYLOR his costs of suit, other litigation costs, and attorneys' fees incurred in this matter to the extent permitted by law; and

E.   Provide TAYLOR with such other and further relief as this Honorable Court deems appropriate and just.

## Count III – Retaliatory Discharge

41.   TAYLOR restates and incorporates herein by reference Paragraphs 32 through 40 above as and for Paragraph 40 of Count III of this *Verified Complaint at Law* as if such allegations were fully set forth herein.

ELECTRONICALLY FILED
1/6/2015 10:52 AM
2015-L-06302
PAGE 8 of 12

42. TAYLOR was an employee of CTA before his injury, at the time of his injury, and during the pendency of his workers' compensation claim.

43. TAYLOR was injured while he was working and filed a workers' compensation claim to cover the costs associated with the severe injury to his right foot that he received through no fault of his own but through the fault and negligence of a coworker.

44. During the pendency of his workers' compensation claim, TAYLOR was discharged from his employment with CTA.

45. After being cleared for work, CTA refused and continually refused – even to this day – to reinstate TAYLOR'S employment.

46. TAYLOR is and has been fully ready, willing, and able to return to work immediately.

47. CTA retaliated against TAYLOR for filing his workers' compensation claim by discharging him from employment.

48. CTA's stated reasons for discharging TAYLOR are pretexts and improper because they were based solely on independent medical examiner opinions ordered by CTA and disputed by TAYLOR's physicians and evidence supporting his ability to return to work for CTA.

49. CTA committed its unlawful discharge of TAYLOR with malice or with reckless indifference to his protected rights under Illinois law.

50. As a direct and proximate result of CTA's conduct, TAYLOR has suffered loss of employment, loss of income and other employment benefits, great expenses, emotional distress, humiliation, embarrassment, and future lost income and benefits, all since the wrongful termination of his employment in December of 2012.

**WHEREFORE**, TAYLOR respectfully requests that this Honorable Court:

A.  Enter a finding that CTA's termination of TAYLOR's employment constituted retaliatory discharge;

B.  Award TAYLOR actual damages in an amount in excess of $50,000.00 which includes, but is not limited to:

  1.  All of his lost wages and lost benefits resulting from CTA's unlawful conduct;

  2.  Interest on the amount of lost wages and lost benefits resulting from CTA's unlawful conduct; and

  3.  Compensatory or punitive damages in an appropriate amount to be determined at trial based on CTA's unlawful conduct;

C.  Order CTA to reinstate TAYLOR to his employment status under the same terms and conditions that existed prior to his termination on or about December 31, 2012; or in the alternative, awarding future benefits (front pay) and all other equitable relief in lieu of reinstatement;

D.  Award TAYLOR his costs of suit, other litigation costs, and attorneys' fees incurred in this matter to the extent permitted by law; and

E.  Provide TAYLOR with such other and further relief as this Honorable Court deems appropriate and just.

### Count IV – Retaliation – Failure/Refusal to Retain Employment or Rehire

51.  TAYLOR restates and incorporates herein by reference Paragraphs 41 through 50 above as and for Paragraph 50 of Count IV of this *Verified Complaint at Law* as if such allegations were fully set forth herein.

52.  Since the date that TAYLOR was cleared by medical personnel to return to work for CTA, CTA has continued to ignore or outright reject TAYLOR's requests for reinstatement to his prior position.

9

ELECTRONICALLY FILED
1/6/2015 10:52 AM
2015-L-063002
PAGE 10 of 12

53.     Upon information and belief, since the date that TAYLOR was cleared by medical personnel to return to work for CTA, other persons have applied for positions similar to TAYLOR's prior position within CTA and have been hired by CTA for those positions while TAYLOR continues to be ignored or rejected for reemployment.

54.     No lawful basis exists for CTA's failure and refusal to rehire TAYLOR.

55.     CTA continues to retaliate against TAYLOR for filing his workers' compensation claim by failing and refusing to reemploy him.

56.     CTA has committed its unlawful failure and refusal to rehire TAYLOR with malice or with reckless indifference to his protected rights under Illinois law.

57.     As a direct and proximate result of CTA's conduct, TAYLOR has suffered loss of employment, loss of income and other employment benefits, great expenses, emotional distress, humiliation, embarrassment, and future lost income and benefits, all based on CTA's continued failure and refusal to rehire TAYLOR.


**WHEREFORE**, TAYLOR respectfully requests that this Honorable Court:

A.     Enter a finding that CTA's failure and refusal to reemploy TAYLOR constitutes retaliation;

B.     Award TAYLOR actual damages in an amount in excess of $50,000.00 which includes, but is not limited to:

   1.     All of his lost wages and lost benefits resulting from CTA's unlawful conduct;

   2.     Interest on the amount of lost wages and lost benefits resulting from CTA's unlawful conduct; and

   3.     Compensatory or punitive damages in an appropriate amount to be determined at trial based on CTA's unlawful conduct;

C.      Order CTA to reinstate TAYLOR to his employment status under the same terms and conditions that existed prior to his termination on or about December 31, 2012; or in the alternative, awarding future benefits (front pay) and all other equitable relief in lieu of reinstatement;

D.      Award TAYLOR his costs of suit, other litigation costs, and attorneys' fees incurred in this matter to the extent permitted by law; and

E.      Provide TAYLOR with such other and further relief as this Honorable Court deems appropriate and just.

Respectfully submitted,

**JOHN TAYLOR,** *Plaintiff*

By:        /s/ J. Matthew Pfeiffer
              One of His Attorneys

ELECTRONICALLY FILED
1/6/2015 10:52 AM
2015-L-063002
PAGE 11 of 12

J. Matthew Pfeiffer, Esq.
Nicole M. Anderson, Esq.
PFEIFFER LAW OFFICES, P.C.
1725 S. Naperville Road
Suite 205
Wheaton, Illinois 60189
(630) 517-0808
Cook Co. Atty. No. 49853

## VERIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure (735 ILCS 5/1-109), the undersigned person certifies that the statements set forth in this *Verified Complaint at Law* are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned person certifies as aforesaid that he verily believes the same to be true.

Date: January 05, 2015

_____
**JOHN TAYLOR,** *Plaintiff*

ELECTRONICALLY FILED
1/6/2015 10:52 AM
2015-L-063002
PAGE 12 of 12

12

ELECTRONICALLY FILED
1/6/2015 10:52 AM
2015-L-063002
CALENDAR: K
PAGE 1 of 1
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN



**CHICAGO TRANSIT AUTHORITY**

567 West Lake Street, 3rd Floor
Chicago, Illinois 60661-1498
**TEL** 312 681-2238
www.transitchicago.com

January 2, 2013

John Taylor
Badge 50117
7345 South Shore Drive Apt. 2005
Chicago, IL 60649

CERTIFIED MAIL: 7008 1830 0004 0610 3269

**Re: Administratively Separated**

Dear John Taylor,

In accordance with Attachment 'D', Area 605, of the collective bargaining agreement between the Authority and the Union representing you, your authorized time in an inactive status has expired. You did not exercise the alternative options:

1. Occupational Injury Disability Pension,
2. Non-Occupational Disability Pension,
3. Normal Retirement or Early Retirement.
4. Resignation

Therefore, you have been administratively separated (effective: **12/31/12**) from the Chicago Transit Authority. You are required to turn in your CTA Riding Card and any outstanding CTA equipment immediately. Upon receipt of all property, a clearance certificate will be prepared to compensate you for any monies you may have coming. Please turn in your CTA equipment to Benefits Services by **1/15/13**.

Upon your separation and in the event your Health Benefits are being terminated, under federal law, employees and their covered dependents are eligible for continued health care coverage. In accordance with the Consolidated Omnibus Budget Reconciliation Act (COBRA) of 1985, you may continue your health care benefits at your own expense for eighteen months. Wageworks, CTA's current COBRA administrator, will forward a Continuation of Coverage Application to the residence address you have listed with CTA. If you do not receive your Confirmation of Coverage application within 45 days, please contact the CTA Benefits Department at (312) 681-2225. You may contact the COBRA administrator, Wageworks COBRA billing at (877) 430-5519 for additional information.

We regret the necessity of this action and wish you much success in your future endeavors.

Sincerely,

*Larry J. Wall*

Larry Wall
General Manager
Benefit Services

**EXHIBIT 1**



CHICAGO TRANSIT AUTHORITY

13- 0075

567 West Lake Street
Chicago, Illinois 60661-1498
TEL 312 664-7200
www.transitchicago.com

December 26, 2013


John Taylor
P.O. Box 198351
Chicago, IL 60619


Dear John:


We are in receipt of your request for consideration for rehire with the Chicago Transit
Authority (CTA). As you are probably aware, the transportation industry is one of the
most demanding industries in America today. To meet its obligation to the mass transit
riding public, most transit agencies including the Chicago Transit Authority (CTA) have
developed uniform procedures for personnel selection that are predictors of job
performance and are fair to all applicants, including those who have worked for CTA in
the past and request consideration to be rehired. Unfortunately, not all applicants are able
to meet the established CTA hiring guidelines.

Your request for consideration for rehire has been reviewed. We regret to inform you
that you do not meet the guidelines established by CTA for rehire. However, you are
eligible to submit a written request after one year, for reconsideration. Your request will
be reviewed at that time.

We appreciate the interest you have shown in being rehired at CTA.

Sincerely,



Recruitment & Staffing
Human Resources

**EXHIBIT 2**

8401 (rev, 09/04)



COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

January 20, 2014


John Taylor
P.O. Box 198351
Chicago, IL 60619


Dear John:


We are in receipt of your request for consideration for rehire with the Chicago Transit Authority (CTA). As you are probably aware, the transportation industry is one of the most demanding industries in America today. To meet its obligation to the mass transit riding public, most transit agencies including the Chicago Transit Authority (CTA) have developed uniform procedures for personnel selection that are predictors of job performance and are fair to all applicants, including those who have worked for CTA in the past and request consideration to be rehired. Unfortunately, not all applicants are able to meet the established CTA hiring guidelines.

Your request for consideration for rehire has been reviewed. We regret to inform you that you do not meet the guidelines established by CTA for rehire. However, you are eligible to submit a written request after one year, for reconsideration. Your request will be reviewed at that time.

We appreciate the interest you have shown in being rehired at CTA.

Sincerely,



Recruitment & Staffing
Human Resources


8401 (rev. 09/04)

**EXHIBIT 3**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN TAYLOR | ) | |
| | ) | |
| Plaintiff, | ) | No.   15CV1479 |
| v. | ) | |
| | ) | Judge |
| CHICAGO TRANSIT AUTHORITY, | ) | |
| | ) | Magistrate Judge |
| Defendant. | ) | |

**<u>NOTICE OF REMOVAL</u>**

To the judges of the United Stated District Court for the Northern District, Eastern Division of Illinois:

Defendant CHICAGO TRANSIT AUTHORITY removes the above-entitled action to this court pursuant to 28 U.S.C. § 1441(b).   In support of this motion, Defendant states as follows:

1.      Petitioner is a Defendant in the civil action filed on January 6, 2015, in the Circuit Court of Cook County of the State of Illinois, No. 2015 L 063002, entitled JOHN TAYLOR, Plaintiff v. CHICAGO TRANSIT AUTHORITY, Defendant. *See* Complaint attached hereto as Exhibit A.

2.      The Summons and Complaint were served upon defendant, Chicago Transit Authority, on or about January 21, 2015.

3.      The above-described action is a four-count complaint in which Plaintiff purports to state a cause of action for gender discrimination under 28 USC 1983 and the Illinois Human Rights Act, as well as common law claims of retaliatory discharge and retaliatory failure to rehire. *See* Exhibit A, Paragraphs 25-57.

<span style="color:red">**<u>EXHIBIT 4</u>**</span>

4.     Defendants are entitled to remove this action pursuant to the provisions of 28

U.S.C. § 1441(b) in that it appears from the face of the complaint that it is founded on a claim or

right arising under the laws of the United States.

WHEREFORE, Defendant Chicago Transit Authority respectfully requests that the

above-entitled action now pending in the Circuit Court of Cook Count in the State of Illinois, Case

number 2015 L 063002, be removed therefrom to this Court.


Respectfully submitted,

KAREN SEIMETZ
General Counsel Chicago Transit Authority


By:     *s/ Christopher Jensen*
CHRISTOPHER JENSEN
Senior Attorney


Chicago Transit Authority
Labor & Employment Division
567 West Lake Street, Sixth Floor
Chicago, Illinois 60661
312-681-2933

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| ☑ SUMMONS | ☐ ALIAS - SUMMONS |

(2/18/11) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT,   LAW   DIVISION

JOHN TAYLOR

No. 2015-L-063002

v.

(Name all parties)

CHICAGO TRANSIT AUTHORITY

Defendant Address:

CHICAGO TRANSIT AUTHORITY
567 WEST LAKE STREET
CHICAGO, IL 60661

### Summons

To each Defendant:   ☑ SUMMONS      ☐ ALIAS - SUMMONS

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☐ Richard J. Daley Center, 50 W. Washington, Room _____ ,Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☑ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.

IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 49853

Name: JAMES MATTHEW PFEIFFER

Atty. for: JOHN TAYLOR

Address: 1725 S. NAPERVILLE RD., SUITE 205

City/State/Zip: WHEATON, IL 60189

Telephone: (630) 517-0808

WITNESS, Tuesday, 06 January 2015

/s DOROTHY BROWN
Clerk of Court

Date of service: 2/1/15

(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____

(Area Code)   (Facsimile Telephone Number)

/s DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

# EXHIBIT A

Civil Action Cover Sheet - Case Initation

(Rev. 4/09/13) CCL 0520

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

JOHN TAYLOR

v.

No. _____

CHICAGO TRANSIT AUTHORITY

### CIVIL ACTION COVER SHEET - CASE INITIATION

A Civil Action Cover Sheet - Case Initiation shall be filed with the com-
plaint in all civil actions. The information contained herein is for adminis
trative purposes only and cannot be introduced into evidence. Please check
the box in front of the appropriate case type which best characterized your
action. Only one (1) case type may be checked with this cover sheet.

Jury Demand  ☑ Yes  ☐ No

```
ELECTRONICALLY FILED
1/6/2015 10:52 AM
2015-L-063002
CALENDAR: K
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN
```

(FILE STAMP)

### PERSONAL INJURY/WRONGFUL DEATH

CASE TYPES:

☐ 027  Motor Vehicle
☐ 040  Medical Malpractice
☐ 047  Asbestos
☐ 048  Dram Shop
☐ 049  Product Liability
☐ 051  Construction Injuries
       ( including Structural Work Act, Road
       Construction Injuries Act and Negligence)
☐ 052  Railroad/FELA
☐ 053  Pediatric Lead Exposure
☐ 061  Other Personal Injury/Wrongful Death
☐ 063  Intentional Tort
☑ 064  Miscellaneous Statutory Action
       ( Please Specify Below**)
☐ 065  Premises Liability
☐ 078  Fen-phen/Redux Litigation
☐ 199  Silicone Implant

### TAX & MISCELLANEOUS REMEDIES

CASE TYPES:

☐ 007  Confession Of Judgment
☐ 008  Replevin
☐ 009  Tax
☐ 015  Condemnation
☐ 017  Detinue
☐ 029  Unemployment Compensation
☐ 031  Foreign Transcript
☐ 036  Administrative Review Action
☐ 085  Petition to Register Foreign Judgment
☐ 099  All Other Extraordinary Remedies

### COMMERCIAL LITIGATION

CASE TYPES:

☐ 002  Breach of Contract
☐ 070  Professional Malpractice
       (other than legal or medical)
☐ 071  Fraud
☐ 072  Consumer Fraud
☐ 073  Breach of Warranty
☐ 074  Statutory Action
       ( Please Specify Below**)
☐ 075  Other Commercial Litigation
       ( Please Specify Below**)
☐ 076  Retaliatory Discharge

### OTHER ACTIONS

CASE TYPES:

☐ 062  Property Damage
☐ 066  Legal Malpractice
☐ 077  Libel/Slander
☐ 079  Petition for Qualified Orders
☐ 084  Petition to Issue Subpoena
☐ 100  Petition for Discovery

** _____

Service via email will be accepted at:

By: _____
    /s JAMES MATTHEW PFEIFFER

(Attorney)                          (ProSe)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

# EXHIBIT A

ELECTRONICALLY FILED
1/6/2015 10:52 AM
2015-L-063002
CALENDAR: K
PAGE 1 of 12
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

JOHN TAYLOR,

        Plaintiff,

    v.                                     CASE NO.

CHICAGO TRANSIT AUTHORITY,
a Municipal Corporation,

        Defendant.

## VERIFIED COMPLAINT AT LAW

The Plaintiff, JOHN TAYLOR (hereinafter referred to as "TAYLOR"), by and through his attorneys, PFEIFFER LAW OFFICES, P.C., complains of the Defendant, CHICAGO TRANSIT AUTHORITY, a municipal corporation ("CTA"), as follows:

### Jurisdiction and Venue

1.     During all times relevant to this *Verified Complaint at Law*, TAYLOR was and is a resident of Chicago, Cook County, Illinois.

2.     During all times relevant to this *Verified Complaint at Law*, CTA was and is a municipal corporation organized under the laws of the State of Illinois with its principal place of business in Chicago, Cook County, Illinois.

### Factual Background

3.     TAYLOR became an employee of CTA on September 22, 2008, when he was hired to be a bus operator.

4.     On January 6, 2009, TAYLOR was working as a bus operator for CTA when he was injured by a coworker driving over his right foot.

1

# EXHIBIT A

5.     From January 26, 2009, to May 5, 2009, TAYLOR remained off of work in order to obtain medical treatment for his foot injury.

6.     In May of 2009, TAYLOR returned to work but was unable to continue working as a bus operator by January of 2010 due to reoccurring issues with his right foot relating to the January, 2009 injury.

7.     Subsequent to his injury in January of 2009, TAYLOR filed a workers' compensation claim that eventually was submitted to arbitration.

8.     On September 18, 2012, TAYLOR's workers' compensation claim was arbitrated.

9.     In October of 2012, TAYLOR received notice from CTA that his temporary medical disability benefits were expired and that he would have to return to work by December 31, 2012, or else retire, resign, or take his pension.

10.     On November 19, 2012, the arbitrator rendered a decision regarding TAYLOR's workers' compensation claim.  The arbitrator awarded TAYLOR 152 weeks of temporary total disability benefits and future medical care.

11.     On December 31, 2012, CTA discharged TAYLOR allegedly for a failure to return to work.  A true and accurate copy of the letter TAYLOR received informing him of his discharge is attached hereto and incorporated herein by reference as **Exhibit 1**.

12.     Immediately after learning of his discharge, TAYLOR filed a grievance with his union. This grievance was denied on February 1, 2013.

13.     TAYLOR also filed a complaint with the Illinois Department of Human Rights ("IDHR") in January of 2013 regarding CTA's unlawful treatment of him with respect to his employment.

ELECTRONICALLY FILED
1/6/2015 10:52 AM
2015-L-063002
PAGE 2 of 12

2

EXHIBIT A

14.     Throughout this entire time, TAYLOR was still receiving treatment for his foot injury, including a spinal simulator implantation on February 6, 2013, to manage his pain.

15.     On April 23, 2013, TAYLOR was cleared for work and began requesting his job back.

16.     In September of 2013, a representative of CTA, while participating in a conference with IDHR, offered TAYLOR his job back in exchange for TAYLOR withdrawing his charges filed with IDHR.

17.     TAYLOR did withdraw his charges with IDHR in reliance on the aforesaid representations of CTA's representative, but he did not reduce those representations and his agreement with CTA to a formal written document.

18.     TAYLOR subsequently telephoned that CTA representative after the IDHR conference to get CTA to hold up its end of the deal, only to be told by that very same representative that no such conversation took place.

19.     On December 26, 2013, despite medical personnel having cleared him for a return to work, TAYLOR was rejected in writing for reemployment by CTA. A true and accurate copy of such rejection notice is attached hereto and incorporated herein by reference as **Exhibit 2**.

20.     TAYLOR continued to apply for reemployment with CTA and, at one point, was told to come back in February of 2014 to seek his reemployment.

21.     On January 20, 2014, TAYLOR was again sent a rejection letter by CTA. A true and accurate copy of said rejection letter is attached hereto and incorporated herein by reference as **Exhibit 3**.

22.     In February of 2014, TAYLOR began calling the CTA seeking his reemployment as he specifically was directed to do. In each instance, he either was rejected or ignored.

ELECTRONICALLY FILED
1/6/2015 10:52 AM
2015-L-063002
PAGE 3 of 12

3

EXHIBIT A

23.     On March 26, 2014, TAYLOR filed a charge with the Illinois Labor Relations Board seeking his job back.  Said charge did not resolve TAYLOR'S reemployment issues with CTA.

24.     On June 30, 2014, TAYLOR filed a lawsuit in the United States District Court for the Northern District of Illinois, Eastern Division, naming CTA as a defendant and alleging causes of action for Retaliatory Discharge, Retaliation, and Gender Discrimination.  On August 8, 2014, the aforesaid court dismissed the lawsuit on its own motion without prejudice to his re-filing the lawsuit in state court because it believed his claims were all based under state law.

**Count I – Violation of 775 ILCS 5/2-102**
**(Discrimination – Failure/Refusal to Rehire)**

ELECTRONICALLY FILED
1/6/2015 10:52 AM
2015-L-063002
PAGE 4 of 12

25.     TAYLOR restates and incorporates herein by reference Paragraphs 1 through 24 above as and for Paragraph 24 of Count I of this *Verified Complaint at Law* as if such allegations were fully set forth herein.

26.     Since the date that TAYLOR was cleared by medical personnel to return to work for CTA, female applicants have applied for positions similar to TAYLOR's prior position within CTA.

27.     Since the date that TAYLOR was cleared by medical personnel to return to work for CTA, those female applicants have been hired by CTA for those positions while TAYLOR continues to be ignored or rejected for reemployment.

28.     Upon information and belief, the supervisory or managerial personnel of CTA with decision-making authority on general hiring and rehiring of employees are female.

29.     CTA's failure and refusal to rehire TAYLOR stems from a practice of such hiring personnel favoring female applicants and employees over male applicants and employees.

30.     No lawful basis exists for CTA's failure and refusal to rehire TAYLOR.

4

# EXHIBIT A

31. CTA has committed its unlawful discrimination against male applicants and employees with malice or with reckless indifference to his protected rights under Illinois law.

32. As a direct and proximate result of CTA's conduct, TAYLOR has suffered loss of employment, loss of income and other employment benefits, great expenses, emotional distress, humiliation, embarrassment, and future lost income and benefits, all based on CTA's unlawful discrimination against male applicants and employees.

**WHEREFORE**, TAYLOR respectfully requests that this Honorable Court:

A.  Enter a finding that CTA unlawfully discriminated against TAYLOR in its failure and refusal to reemploy him;

B.  Award TAYLOR actual damages in an amount in excess of $50,000.00 which includes, but is not limited to:

1.  All of his lost wages and lost benefits resulting from CTA's unlawful conduct;

2.  Interest on the amount of lost wages and lost benefits resulting from CTA's unlawful conduct; and

3.  Compensatory or punitive damages in an appropriate amount to be determined at trial based on CTA's unlawful conduct;

C.  Order CTA to reinstate TAYLOR to his employment status under the same terms and conditions that existed prior to his termination on or about December 31, 2012; or in the alternative, awarding future benefits (front pay) and all other equitable relief in lieu of reinstatement;

D.  Award TAYLOR his costs of suit, other litigation costs, and attorneys' fees incurred in this matter to the extent permitted by law; and

E.  Provide TAYLOR with such other and further relief as this Honorable Court deems appropriate and just.

ELECTRONICALLY FILED
1/6/2015 10:52 AM
2015-L-063002
PAGE 5 of 12

5

EXHIBIT A

### Count II – Violation of 42 U.S.C. §1983
### (Discrimination – Failure/Refusal to Rehire)
### (Alternative to Count I)

33.     TAYLOR restates and incorporates herein by reference Paragraphs 25 through 32

above as and for Paragraph 32 of Count II of this *Verified Complaint at Law* as if such allegations

were fully set forth herein.

34.     42 U.S.C. §1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation,
> custom, or usage, of any State or Territory or the District of Columbia,
> subjects, or causes to be subjected, any citizen of the United States or other
> person within the jurisdiction thereof to the deprivation of any rights,
> privileges, or immunities secured by the Constitution and laws, shall be
> liable to the party injured in an action at law, suit in equity, or other proper
> proceeding for redress . . .

ELECTRONICALLY FILED
1/6/2015 10:52 AM
2015-L-063002
PAGE 6 of 12

35.     TAYLOR was acting under color of state law when he applied for reemployment

with CTA.

36.     Based on the foregoing facts, CTA was acting under color of state law when it failed

and refused to reemploy TAYLOR based on his gender.

37.     TAYLOR has a constitutionally protected interest in being free from discrimination

in his application for employment or reemployment and his employment itself with CTA.

38.     CTA violated TAYLOR's constitutionally protected interest by failing and refusing

to reemploy TAYLOR based on his gender.

39.     CTA knew or should have known that its actions were violating TAYLOR's civil

rights and were being carried out in a malicious way.

40.     As a direct and proximate result of CTA's conduct, TAYLOR has suffered loss of

employment, loss of income and other employment benefits, great expenses, emotional distress,

### EXHIBIT A

humiliation, embarrassment, and future lost income and benefits, all based on CTA's unlawful discrimination against male applicants and employees.

**WHEREFORE,** TAYLOR respectfully requests that this Honorable Court:

A.  Enter a finding that CTA violated TAYLOR's civil rights in its failure and refusal to reemploy him;

B.  Award TAYLOR actual damages in an amount in excess of $50,000.00 which includes, but is not limited to:

   1.  All of his lost wages and lost benefits resulting from CTA's unlawful conduct;

   2.  Interest on the amount of lost wages and lost benefits resulting from CTA's unlawful conduct; and

   3.  Compensatory or punitive damages in an appropriate amount to be determined at trial based on CTA's unlawful conduct;

C.  Order CTA to reinstate TAYLOR to his employment status under the same terms and conditions that existed prior to his termination on or about December 31, 2012; or in the alternative, awarding future benefits (front pay) and all other equitable relief in lieu of reinstatement;

D.  Award TAYLOR his costs of suit, other litigation costs, and attorneys' fees incurred in this matter to the extent permitted by law; and

E.  Provide TAYLOR with such other and further relief as this Honorable Court deems appropriate and just.

## Count III – Retaliatory Discharge

41.  TAYLOR restates and incorporates herein by reference Paragraphs 32 through 40 above as and for Paragraph 40 of Count III of this *Verified Complaint at Law* as if such allegations were fully set forth herein.

ELECTRONICALLY FILED
1/6/2015 10:52 AM
2015-L-063002
PAGE 7 of 12

7

EXHIBIT A

42.     TAYLOR was an employee of CTA before his injury, at the time of his injury, and during the pendency of his workers' compensation claim.

43.     TAYLOR was injured while he was working and filed a workers' compensation claim to cover the costs associated with the severe injury to his right foot that he received through no fault of his own but through the fault and negligence of a coworker.

44.     During the pendency of his workers' compensation claim, TAYLOR was discharged from his employment with CTA.

45.     After being cleared for work, CTA refused and continually refused – even to this day – to reinstate TAYLOR'S employment.

46.     TAYLOR is and has been fully ready, willing, and able to return to work immediately.

47.     CTA retaliated against TAYLOR for filing his workers' compensation claim by discharging him from employment.

48.     CTA's stated reasons for discharging TAYLOR are pretexts and improper because they were based solely on independent medical examiner opinions ordered by CTA and disputed by TAYLOR's physicians and evidence supporting his ability to return to work for CTA.

49.     CTA committed its unlawful discharge of TAYLOR with malice or with reckless indifference to his protected rights under Illinois law.

50.     As a direct and proximate result of CTA's conduct, TAYLOR has suffered loss of employment, loss of income and other employment benefits, great expenses, emotional distress, humiliation, embarrassment, and future lost income and benefits, all since the wrongful termination of his employment in December of 2012.

ELECTRONICALLY FILED
1/6/2015 10:52 AM
2015-L-063002
PAGE 8 of 12

8

EXHIBIT A

**WHEREFORE**, TAYLOR respectfully requests that this Honorable Court:

A.   Enter a finding that CTA's termination of TAYLOR's employment constituted retaliatory discharge;

B.   Award TAYLOR actual damages in an amount in excess of $50,000.00 which includes, but is not limited to:

   1.   All of his lost wages and lost benefits resulting from CTA's unlawful conduct;

   2.   Interest on the amount of lost wages and lost benefits resulting from CTA's unlawful conduct; and

   3.   Compensatory or punitive damages in an appropriate amount to be determined at trial based on CTA's unlawful conduct;

C.   Order CTA to reinstate TAYLOR to his employment status under the same terms and conditions that existed prior to his termination on or about December 31, 2012; or in the alternative, awarding future benefits (front pay) and all other equitable relief in lieu of reinstatement;

D.   Award TAYLOR his costs of suit, other litigation costs. and attorneys' fees incurred in this matter to the extent permitted by law; and

E.   Provide TAYLOR with such other and further relief as this Honorable Court deems appropriate and just.

ELECTRONICALLY FILED
1/6/2015 10:52 AM
2015-L-063002
PAGE 9 of 12

### Count IV – Retaliation – Failure/Refusal to Retain Employment or Rehire

51.   TAYLOR restates and incorporates herein by reference Paragraphs 41 through 50 above as and for Paragraph 50 of Count IV of this *Verified Complaint at Law* as if such allegations were fully set forth herein.

52.   Since the date that TAYLOR was cleared by medical personnel to return to work for CTA, CTA has continued to ignore or outright reject TAYLOR's requests for reinstatement to his prior position.

# EXHIBIT A

53. Upon information and belief, since the date that TAYLOR was cleared by medical personnel to return to work for CTA, other persons have applied for positions similar to TAYLOR's prior position within CTA and have been hired by CTA for those positions while TAYLOR continues to be ignored or rejected for reemployment.

54. No lawful basis exists for CTA's failure and refusal to rehire TAYLOR.

55. CTA continues to retaliate against TAYLOR for filing his workers' compensation claim by failing and refusing to reemploy him.

56. CTA has committed its unlawful failure and refusal to rehire TAYLOR with malice or with reckless indifference to his protected rights under Illinois law.

57. As a direct and proximate result of CTA's conduct, TAYLOR has suffered loss of employment, loss of income and other employment benefits, great expenses, emotional distress, humiliation, embarrassment, and future lost income and benefits, all based on CTA's continued failure and refusal to rehire TAYLOR.

**WHEREFORE,** TAYLOR respectfully requests that this Honorable Court:

A. Enter a finding that CTA's failure and refusal to reemploy TAYLOR constitutes retaliation;

B. Award TAYLOR actual damages in an amount in excess of $50,000.00 which includes, but is not limited to:

1. All of his lost wages and lost benefits resulting from CTA's unlawful conduct;

2. Interest on the amount of lost wages and lost benefits resulting from CTA's unlawful conduct; and

3. Compensatory or punitive damages in an appropriate amount to be determined at trial based on CTA's unlawful conduct;

ELECTRONICALLY FILED
1/6/2015 10:52 AM
2015-L-063002
PAGE 10 of 12

10

# EXHIBIT A

C.  Order CTA to reinstate TAYLOR to his employment status under the same terms and conditions that existed prior to his termination on or about December 31, 2012; or in the alternative, awarding future benefits (front pay) and all other equitable relief in lieu of reinstatement;

D.  Award TAYLOR his costs of suit, other litigation costs. and attorneys' fees incurred in this matter to the extent permitted by law; and

E.  Provide TAYLOR with such other and further relief as this Honorable Court deems appropriate and just.

Respectfully submitted,

JOHN TAYLOR, *Plaintiff*

By:     /s/ J. Matthew Pfeiffer
One of His Attorneys

ELECTRONICALLY FILED
1/6/2015 10:52 AM
2015-L-063002
PAGE 11 of 12

J. Matthew Pfeiffer, Esq.
Nicole M. Anderson, Esq.
PFEIFFER LAW OFFICES, P.C.
1725 S. Naperville Road
Suite 205
Wheaton, Illinois 60189
(630) 517-0808
Cook Co. Atty. No. 49853

11

EXHIBIT A

## **VERIFICATION**

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure (735 ILCS 5/1-109), the undersigned person certifies that the statements set forth in this *Verified Complaint at Law* are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned person certifies as aforesaid that he verily believes the same to be true.

Date: January 05, 2015

JOHN TAYLOR, *Plaintiff*

ELECTRONICALLY FILED
1/6/2015 10:52 AM
2015-L-063002
PAGE 12 of 12

12

EXHIBIT A

ELECTRONICALLY FILED
1/6/2015 10:52 AM
2015-L-063002
CALENDAR: K
PAGE 1 of 1
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN



**CHICAGO TRANSIT AUTHORITY**

567 West Lake Street, 3rd Floor
Chicago, Illinois 60661-1498
TEL 312 681-2238
www.transitchicago.com

January 2, 2013

John Taylor
Badge 50117
7345 South Shore Drive Apt. 2005
Chicago, IL 60649

CERTIFIED MAIL: 7008 1830 0004 0610 3269

**COPY**

**Re: Administratively Separated**

Dear John Taylor,

In accordance with Attachment 'D', Area 605, of the collective bargaining agreement between the Authority and the Union representing you, your authorized time in an inactive status has expired. You did not exercise the alternative options:

1. Occupational Injury Disability Pension,
2. Non-Occupational Disability Pension,
3. Normal Retirement or Early Retirement.
4. Resignation

Therefore, you have been administratively separated (effective: **12/31/12**) from the Chicago Transit Authority. You are required to turn in your CTA Riding Card and any outstanding CTA equipment immediately. Upon receipt of all property, a clearance certificate will be prepared to compensate you for any monies you may have coming. Please turn in your CTA equipment to Benefits Services by **1/15/13**.

Upon your separation and in the event your Health Benefits are being terminated, under federal law, employees and their covered dependents are eligible for continued health care coverage. In accordance with the Consolidated Omnibus Budget Reconciliation Act (COBRA) of 1985, you may continue your health care benefits at your own expense for eighteen months. Wageworks, CTA's current COBRA administrator, will forward a Continuation of Coverage Application to the residence address you have listed with CTA. If you do not receive your Confirmation of Coverage application within 45 days, please contact the CTA Benefits Department at (312) 681-2225. You may contact the COBRA administrator, Wageworks COBRA billing at (877) 430-5519 for additional information.

We regret the necessity of this action and wish you much success in your future endeavors.

Sincerely,

*Larry J. Wall*

Larry Wall
General Manager
Benefit Services

EXHIBIT 1

EXHIBIT A

ELECTRONICALLY FILED
1/6/2015 10:52 AM
2015-L-063002
CALENDAR: K
PAGE 1 of 1



CHICAGO TRANSIT AUTHORITY

13- 0075

567 West Lake Street
Chicago, Illinois 60661-1498
TEL 312 664-7200
www.transitchicago.com

December 26, 2013

John Taylor
P.O. Box 198351
Chicago, IL 60619

Dear John:

We are in receipt of your request for consideration for rehire with the Chicago Transit Authority (CTA). As you are probably aware, the transportation industry is one of the most demanding industries in America today. To meet its obligation to the mass transit riding public, most transit agencies including the Chicago Transit Authority (CTA) have developed uniform procedures for personnel selection that are predictors of job performance and are fair to all applicants, including those who have worked for CTA in the past and request consideration to be rehired. Unfortunately, not all applicants are able to meet the established CTA hiring guidelines.

Your request for consideration for rehire has been reviewed. We regret to inform you that you do not meet the guidelines established by CTA for rehire. However, you are eligible to submit a written request after one year, for reconsideration. Your request will be reviewed at that time.

We appreciate the interest you have shown in being rehired at CTA.

Sincerely,

Recruitment & Staffing
Human Resources

EXHIBIT 2

8401 (rev. 09/04)

EXHIBIT A



CHICAGO TRANSIT AUTHORITY
COOK COUNTY, ILLINOIS
567 West Lake Street  LAW DIVISION
Chicago, Illinois 60661-1498  CLERK DOROTHY BROWN
TEL 312 664-7200
www.transitchicago.com

January 20, 2014

John Taylor
P.O. Box 198351
Chicago, IL 60619

Dear John:

We are in receipt of your request for consideration for rehire with the Chicago Transit Authority (CTA). As you are probably aware, the transportation industry is one of the most demanding industries in America today. To meet its obligation to the mass transit riding public, most transit agencies including the Chicago Transit Authority (CTA) have developed uniform procedures for personnel selection that are predictors of job performance and are fair to all applicants, including those who have worked for CTA in the past and request consideration to be rehired. Unfortunately, not all applicants are able to meet the established CTA hiring guidelines.

Your request for consideration for rehire has been reviewed. We regret to inform you that you do not meet the guidelines established by CTA for rehire. However, you are eligible to submit a written request after one year, for reconsideration. Your request will be reviewed at that time.

We appreciate the interest you have shown in being rehired at CTA.

Sincerely,


Recruitment & Staffing
Human Resources


8461 (rev. 09/04)

EXHIBIT 3

EXHIBIT A