# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHN TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 15 C 1479 |
| v. ) | |
| ) | Chief Judge Rubén Castillo |
| CHICAGO TRANSIT AUTHORITY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff John Taylor filed this action in the Circuit Court of Cook County against the Chicago Transit Authority ("CTA") alleging four claims: (1) gender discrimination in violation of the Illinois Human Rights Act ("IHRA"), 775 Ill. Comp. Stat. 5/2-102; (2) failure to rehire due to gender discrimination in violation of 42 U.S.C. § 1983; (3) retaliatory discharge; and (4) retaliatory refusal to rehire or retain. (R. 1-1, Ex. A, Compl. at ¶¶ 25-57.) CTA removed this action to this Court on the basis of federal question jurisdiction.[1] (R. 1, Notice of Removal.) Presently before the Court is Plaintiff's motion to remand the case to state court. (R. 7, Pl.'s Mot. Remand.) For the reasons set forth below, the motion is granted.

## RELEVANT FACTS

Plaintiff is a resident of Chicago, Illinois. (R. 1-1, Ex. A, Compl. ¶ 1.) CTA is an Illinois municipal corporation with its principal place of business in Chicago, Illinois. (*Id.* ¶ 2.) Plaintiff

---

[1] CTA technically removed this suit pursuant to 28 U.S.C. § 1441(b), which permits removal based on federal diversity jurisdiction. However, the allegations contained in the complaint do not implicate diversity jurisdiction. Further, CTA alleges in its notice of removal that removal is proper based upon federal question jurisdiction. (R. 1, Notice of Removal ¶ 4.) Therefore, this Court assumes, based on the complaint and CTA's pleadings, that it intended to remove this suit pursuant to 28 U.S.C. § 1441(c), which permits removal based on claims "arising under the Constitution, laws or treaties of the United States."

began working for CTA as a bus operator in September 2008. (*Id.* ¶ 3.) On January 6, 2009, Plaintiff was injured while working when a coworker drove over Plaintiff's right foot. (*Id.* ¶ 4.) Plaintiff was unable to work from January 26, 2009, to May 5, 2009, because he needed medical treatment for his injury. (*Id.* ¶ 5.) In May 2009, Plaintiff returned to work but was unable to continue working as a bus operator due to recurring medical issues with his right foot. (*Id.* ¶ 6.) In October 2012, Plaintiff was notified that his temporary medical disability benefits were expired and that he would need to return to his duties as a bus driver by December 31, 2012 or else he would have to resign. (*Id.* ¶ 9.) On December 31, 2012, Plaintiff was discharged for a failure to return to work. (*Id.* ¶ 11.) Following his discharge, Plaintiff filed a grievance with his union and a complaint with the Illinois Department of Human Rights ("IDHR"). (*Id.* ¶¶ 12-13.) On April 23, 2013, Plaintiff was cleared for work, at which time he requested to be reinstated to his position as a bus driver. (*Id.* ¶ 15.) Plaintiff alleges that a CTA representative verbally asked him to drop his recent charge with the IDHR against CTA in order to be rehired to his previous position. (*Id.* ¶ 16.) Plaintiff dropped his IDHR claim, but CTA did not re-hire Plaintiff and denied that the conversation ever took place. (*Id.* ¶¶ 17-18.) On December 26, 2013, Plaintiff was denied re-employment in writing by CTA. (*Id.* ¶ 19.) Plaintiff continued to apply to CTA, and was denied re-employment again in writing on January 20, 2014. (*Id.* ¶ 21.)

## PROCEDURAL HISTORY

Prior to filing this action, Plaintiff filed a substantially similar suit ("*Taylor I*") in this Court on June 30, 2014, alleging four claims: (1) retaliatory discharge under state common law; (2) retaliatory refusal to rehire or retain in violation of 775 Ill. Comp. Stat. 5/2-102; (3) gender discrimination in violation of 775 Ill. Comp. Stat. 5/2-102; and (4) gender discrimination in violation of 42 U.S.C. § 1983. (R. 8-1, Ex. 1, *Taylor I* Compl.) The underlying facts and claims

2

in support of Plaintiff's June 30, 2014 complaint filed in federal court are nearly identical to that of the present case. On August 8, 2014, this Court found that Plaintiff had failed to establish federal jurisdiction for his state law claims, and that no effort had been made to serve CTA. (R. 8-1, Ex. 2, *Taylor I* Min. Entry.) For those reasons, this Court dismissed the *Taylor I* complaint without prejudice to the filing of a proper amended complaint that would have established federal jurisdiction or to filing the complaint in state court. (*Id.*)

On January 6, 2015, Plaintiff filed the instant action in state court ("*Taylor II*"). (R. 1-1, Ex. A, *Taylor II* Compl.) In Count I, Plaintiff alleges gender discrimination in violation of the Illinois Human Rights Act, 775 Ill. Comp. Stat. 5/2-102. (*Id.* ¶¶ 25-32.) In Count II, he alleges a failure to rehire due to gender discrimination in violation of 42 U.S.C. § 1983. (*Id.* ¶¶ 33-40.) In Count III, he alleges retaliatory discharge in violation of Illinois law. (*Id.* ¶¶ 41-50.) In Count IV, he alleges a retaliatory refusal to rehire or retain in violation of Illinois law. (*Id.* ¶¶ 51-57.) On February 18, 2015, CTA removed the action from state court to federal court. (R. 1, Notice of Removal.) On March 19, 2015, Plaintiff filed a motion to remand this action to state court, (R. 7, Mot. to Remand), and supporting memorandum, (R. 8, Pl.'s Mem.). CTA responded to Plaintiff's motion on April 10, 2015. (R. 11, Def.'s Resp.) Plaintiff replied on April 17, 2015. (R. 13, Pl.'s Reply.)

## LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States." 28 U.S.C. § 1441(a). A defendant may remove a case to federal court under Section 1441(c) whenever a claim conferring federal question jurisdiction under 28 U.S.C. § 1331 is joined with an otherwise non-removable claim. 28 U.S.C. § 1441(c).

"The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009) (citation omitted). Remand is the appropriate course of action under the following circumstances: (1) the court "discovers that it lacked subject matter jurisdiction for the initial removal"; (2) the court "concludes that state law predominates in a removed claim that is separate and independent from the removed federal question claim"; or (3) the court "determines that it should not exercise supplemental jurisdiction over a state law claim." *Adkins v. Ill. Cent. R.R. Co.*, 326 F.3d 828, 847-48 (7th Cir. 2003). "In considering a motion for remand, the court must examine the plaintiff['s] complaint at the time of the defendant's removal and assume the truth of all factual allegations contained within the original complaint." *Scouten v. MNL-FTS, L.L.C.*, 708 F. Supp. 2d 729, 731 (N.D. Ill. 2010) (citation omitted); *see also Gossmeyer v. McDonald*, 128 F.3d 481, 487 (7th Cir. 1996) ("[W]hether subject matter jurisdiction exists is a question answered by looking at the complaint *as it existed at the time the petition for removal was filed.*" (citation omitted)).

## ANALYSIS

Plaintiff argues that CTA improperly removed this suit to federal court, and asks that the Court remand this suit to state court. (R. 8, Pl.'s Mem. at 3.) Plaintiff sets forth a number of reasons for why he believes removal was improper. First, Plaintiff argues that the complaint does not contain a claim created by federal law or one that requires the resolution of a substantial question of federal law. (*Id.* at 5.) Plaintiff also argues that his Section 1983 claim is an insufficient basis for federal question jurisdiction because it is not "separate and independent"

4

from his state law claims.² (*Id.* at 4.) Finally, Plaintiff argues that removal was improper because this Court previously dismissed the *Taylor I* complaint containing nearly identical claims for lack of jurisdiction. (*Id.* at 3.)

Three of the four counts in Plaintiff's complaint are indisputably state law claims. (*See* R. 1-1, Ex. A, *Taylor II* Compl.) However, Count II is styled as a discrimination claim for "Failure/Refusal to Rehire" in violation of Section 1983. (*Id.* ¶¶ 33-40.) Plaintiff first argues that despite bringing the claim under a federal statute, it is not a claim that arises under federal law and thus does not confer federal jurisdiction. (R. 8, Pl.'s Mem. at 5; R. 13, Pl.'s Reply at 1-2.) CTA counters that removal is proper because Plaintiff's Section 1983 claim confers the Court with proper jurisdiction. (R. 11, Def.'s Resp. at 3-4.)

In determining the propriety of removal under Section 1441(c), the Court must first decide whether there is a claim that confers federal question jurisdiction under Section 1331. *Ne. Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc.*, 707 F.3d 883, 890 (7th Cir. 2013). The existence of federal question jurisdiction is "governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 n.9 (1983) ("The well-pleaded

---

² The Court notes that the previous version of 28 U.S.C. 1441(c) provided that: "Whenever a separate and independent claim or cause of action within the jurisdiction conferred by [28 U.S.C. § 1331] is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed[.]" Congress amended 28 U.S.C. 1441(c) effective January 6, 2012 and expressly removed the "separate and independent" requirement from the statute, and therefore this standard is no longer operative in removal cases. *See Fore Invs., L.L.C. v. Travelers Indem. Co. of Am.*, No. 1:12-CV-01702-SEB-DML, 2013 WL 3467328, at *9 (S.D. Ind. July 9, 2013).

5

complaint rule applies to the original jurisdiction of the district courts as well as to their removal jurisdiction."). A well-pleaded complaint presents a federal question where it "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax*, 463 U.S. at 27-28.

Here, CTA bases its belief that Count II confers federal question jurisdiction over this suit in part on its assumption that because Section 1983 is a federal statute, it must provide federal question jurisdiction. (R. 11, Def.'s Resp. at 3.) However, courts have held that Section 1983 is not a jurisdiction conferring statute. *See Anderson v. Luther*, 521 F. Supp. 91, 96 (N.D. Ill. 1981) ("[42 U.S.C. §] 1983 is not a jurisdictional statute; [rather] it is an enabling statute allowing individuals to sue state officers who, under color of state law, have deprived the plaintiff of constitutional rights."); *see also Polite v. Casella*, 901 F. Supp. 90, 93 (N.D.N.Y. 1995) ("Section 1983 does not create federal court jurisdiction."); *Curtis v. Taylor*, 625 F.2d 645, 649 (5th Cir. 1980) ("[42 U.S.C. § 1983] is only remedial; it recognizes a cause of action but does not of itself bestow jurisdiction of the action on federal courts."). Therefore, the fact that this claim was brought pursuant to Section 1983 is not determinative of whether federal question jurisdiction is present in this suit.

CTA also relies on Plaintiff's statement in Count II that "CTA violated TAYLOR's constitutionally protected interest by failing and refusing to reemploy TAYLOR based on his gender" for its belief that Plaintiff seeks to assert a federal constitutional claim under Section 1983. (R. 11, Def.'s Resp. at 3; *see* R. 1-1, Ex. A, *Taylor II* Compl. ¶ 38.) When faced with nearly identical claims in *Taylor I*, the Court could not find a proper basis for federal jurisdiction, (*see* R. 8-1, Ex. 2, *Taylor I* Min. Entry), and nothing in the parties' pleadings has elucidated this

matter upon revisiting this case. It is unclear whether Plaintiff seeks to assert a violation of the Equal Protection Clause of the Fourteenth Amendment, a violation of federal labor law statutes, or a violation of state constitutional or statutory law. If Plaintiff was seeking to raise an Equal Protection claim, he failed to allege any facts that would give rise to such a claim, such as membership in a protected class or that he was irrationally singled out as a so-called "class of one." *See Reget v. City of La Crosse*, 595 F.3d 691, 695 (7th Cir. 2010). For Plaintiff's part, he has not informed the Court of the source of law that supplies the basis of his Section 1983 claim, other than his assertion that none of his claims are created by federal law. (R. 8, Pl.'s Mem. at 5.) As "master of his own complaint," Plaintiff is entitled to avoid federal jurisdiction by pleading only state law claims. *Nelson v. Stewart*, 422 F.3d 463, 466 (7th Cir. 2005) (citation omitted).[3]

Plaintiff has not put the basis for federal question jurisdiction on the face of his complaint, and therefore the *Taylor II* complaint does not meet the requirements of the well-pleaded complaint rule. *See Williams*, 482 U.S. at 392. Due to the styling of Count II and the language used in the complaint, it is unclear whether the complaint presents a federal question sufficient to establish federal jurisdiction over this suit. Therefore, the Court cannot conclude that removal was proper in this case. *See* 28 U.S.C. § 1441(c). CTA has the burden of proving that removal was proper, and it has failed to persuade the Court that federal question jurisdiction is present in this case. *See Schur*, 577 F.3d at 758. In instances such as this one where the Court

---

[3] The Court recognizes that a "plaintiff cannot frustrate a defendant's right to remove by pleading a case without reference to any federal law when the plaintiff's claim is necessarily federal." *Wabash Valley*, 707 F.3d at 890 (quoting 14B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3722 (4th ed.)). Thus, the Court assumes that Plaintiff has not engaged in "artful pleading" in an attempt to avoid federal jurisdiction, *see id.*, and therefore, will not attempt to raise an Equal Protection claim once this matter is remanded to state court.

maintains doubt as to whether removal was proper, it should honor the plaintiff's choice of forum in state court. *See id.* Accordingly, the Court remands this suit to the Circuit Court of Cook County.

As a result of the Court's conclusion, it need not reach Plaintiff's additional arguments.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand (R. 7.) is GRANTED. The entire case is remanded to the Circuit Court of Cook County.

ENTERED: _____
**Chief Judge Rubén Castillo**
**United States District Court**

**Dated: August 25, 2015**